# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

v.                                                     CRIMINAL ACTION NO. 1:23-cr-00097

TERRY LEON BLANKENSHIP, and,
LAUREL BLANKENSHIP,

            Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following pretrial motions, all filed by Defendants Terry Leon Blankenship and Laurel Blankenship (collectively "Defendants"): Motion for Bill of Particulars as to Terry Leon Blankenship, (ECF No. 63), Amended Motion to Exclude Evidence of Defendant's Prior Conviction as to Terry Leon Blankenship, (ECF No. 64), Motion in Limine as to Laurel Blankenship, (ECF No. 66), and Motion to Sever Defendant as to Laurel Blankenship, (ECF No. 66).   The Court held a pretrial motions hearing in this case on December 14, 2023.   For the reasons set forth below, the Court **DENIES** the Motion for Bill of Particulars, (ECF No. 63), and the Motion to Sever Defendant, (ECF No. 66).   Further, the Court **DENIES AS MOOT** the Amended Motion to Exclude Evidence of Defendant's Prior Conviction, (ECF No. 64), and the Motion in Limine, (ECF No. 66).

1

I. BACKGROUND

On October 17, 2023, a federal grand jury returned a three-count indictment charging Defendant Terry Leon Blankenship with attempt to obstruct and, in any way, interfere with and prevent the enforcement of 18 US.C. § 1591, in violation of 18 U.S.C. § 1591(d); attempt to corruptly persuade another person with the intent to influence and prevent the testimony of a minor victim in an official proceeding, in violation of 18 U.S.C. § 1512(b)(1); and, conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 1512(b)(1). (ECF No. 45.) The indictment charged Defendant Laurel Blankenship with conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 1512(b)(1). (*Id.*) This is the second superseding indictment brought against Defendant Terry Blankenship and the first brought against Defendant Laurel Blankenship.

On December 1, 2023, Defendant Terry Blankenship filed the motion for bill of particulars. (ECF No. 63.) On December 4, 2023, Defendants filed the remaining motions. (ECF No. 64; ECF No. 66; ECF No. 67.) The United States responded to all of Defendants' motions on December 8, 2023. (ECF No. 68; ECF No. 69; ECF No. 70.) At a pretrial motions hearing held on December 14, 2023, the Court heard arguments from the parties.

II. DEFENDANT TERRY BLANKENSHIP'S MOTION FOR BILL OF PARTICULARS

Defendant Terry Blankenship filed a motion for a bill of particulars under Federal Rules of Criminal Procedure 7(f). (ECF No. 63.) Specifically, with respect to Count One, Defendant requests to know what the specific acts are by which he allegedly "attempted to obstruct and/or interfere with and prevent the enforcement of 18 U.S.C. 1591." (*Id.* at 1, ¶ 1.) As to Count Two, Defendant requests that he be provided with the specific acts by which he allegedly

2

"attempted to corruptly persuade another person with the intent to influence and prevent the testimony" of the minor victim, and he requests the "identity of the person(s) who [he] . . . attempted to corruptly persuade with the intent to influence and prevent the testimony of [the minor victim]." (*Id.* at 1, ¶¶ 2–3.)  With respect to Count Three, Defendant requests that he be provided with the alleged "acts of each co-conspirator by which the same attempted to corruptly persuade another person with the intent to influence and prevent the testimony of" the minor victim, and the "identity of person(s) who the alleged co-conspirator's [sic] attempted to corruptly persuade with the intent to influence and prevent the testimony of" the minor victim. (*Id.* at 1, ¶¶ 4–5.) Additionally, with regard to Count Three, Defendant requests the "identity of 'other persons whose identities are known' to the Grand Jury, who are alleged to have conspired with defendants . . . to attempt to corruptly persuade another person with the intent to influence and prevent the testimony of [the minor victim], and the acts by which such 'other persons' contributed to such conspiracy." (*Id.* at 1–2, ¶¶ 4–6.)

 In general, a bill of particulars is used to supplement an indictment. Under the Federal Rules of Criminal Procedure, a proper indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Cr. P. 7(c). The facts alleged in an indictment "should be sufficiently detailed to apprise the defendant of the charge against him so that [he] may prepare his defense." *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979). If the indictment is not sufficiently detailed, the proper recourse is to move for a bill of particulars. *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987). However, no bill of particulars is necessary where a defendant has been provided with discovery sufficient to apprise him of the charges pending against him. *See United States v. Soc'y*

*of Indep. Gasoline Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1980) (finding denial of bill of particulars proper in light of discovery provided by the government); *Duncan*, 598 F.2d at 848–49 (finding the apprisal function of an indictment was satisfied when the government's investigative file was open for a defendant's inspection). Bills of particulars are available under Rule 7(f) of the Federal Rules of Criminal Procedure and "the grant or denial of a motion for a bill of particulars 'is a matter within the sound discretion of the trial court.'" *United States v. Schembari*, 484 F.2d 931, 934 (4th Cir. 1973) (quoting *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969)).

In this case, the United States asserted that they have provided Defendant Terry Blankenship with all the communications (jail calls, video calls, and transcripts of such) forming the entire bases of the charges against him. (ECF No. 68 at 1–2, 4.) According to the United States, hundreds of calls were produced, and Defendant Terry Blankenship was directed to the pertinent calls, and the specific clips within those calls, that are relevant to the charges pending against him. (*Id.*) At the pretrial motions hearing, Defendant Terry Blankenship did not deny receiving this discovery.

Here, there is no dispute that the United States turned over all their potential trial exhibits. As the United States has represented, in turning over this discovery, Defendant Terry Blankenship is in a position to discern the acts that form the bases of the charges pending against him as well as the identities of the individuals in question. (ECF No. 68 at 4.) Like in *Duncan*, the discovery provided by the United States is sufficient to apprise Defendant Terry Blankenship of the charges against him and sufficiently meets the purpose that a bill of particulars would serve; thereby, obviating the need for such relief. *See Schembari*, 484 F.2d at 934–35 (stating the purpose of a bill of particulars is "to enable a defendant to obtain sufficient information on the nature of the

4

charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense."); *see also United States v. Automated Med. Labs.*, 770 F.2d 399, 405 (4th Cir. 1985) (citing *United States v. Anderson*, 481 F.2d 685 (4th Cir. 1973)) (stating "[a] bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial.").

### III. DEFENDANT LAUREL BLANKENSHIP'S MOTION TO SEVER

Defendant Laurel Blankenship filed a motion to sever defendant under Rule 14 of the Federal Rules of Criminal Procedure, arguing prejudicial joinder. (ECF No. 66.) Specifically, Defendant asserts there are two bases for prejudicial joinder in this case: first, prejudice resulting from her co-defendant, Defendant Terry Blankenship's, prior child pornography conviction, and second, prejudice as a result of her inability to call her co-defendant as a witness. (*Id.* at 1, ¶ 2.)

Rule 14 of the Federal Rules of Criminal Procedure permits severance of defendants' trials if "the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant." Under this Rule, the party moving for severance "has the burden of demonstrating a strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984) (citing *United States v. Niederberger*, 580 F.2d 63 (3d Cir. 1978)). While Rule 14 allows for severance, courts typically "adhere to the rule that defendants charged with participation in the same conspiracy are to be tried jointly." *United States v. Akinkoye*, 185 F.3d 192, 197 (4th Cir. 1999).

In the United States' response, they state that they do not intend to introduce evidence of Defendant Terry Blankenship's prior conviction for child pornography. (ECF No. 70 at 3, ¶ 1.) Therefore, that basis of possible prejudice is no longer applicable.

As to the second basis of possible prejudice, the Fourth Circuit has stated that "[a] defendant's attempt to have her trial severed from that of a co-defendant is far less likely to succeed when the request is based on the asserted need for a co-defendant's testimony." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). Where the motion for severance is based

> on the asserted need for a co-defendant's testimony, the moving defendant must establish (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony, and (4) the exculpatory nature and effect of such testimony.

*United States v. Parodi*, 703 F.2d 768, 779 (4th Cir. 1983). All four factors must be established. *Id.* Regarding the second element, it is sufficient to show a reasonable probability that one's co-defendant would waive their Fifth Amendment rights and testify at a severed trial. *Id.* Even if a defendant can satisfy the four elements outlined above, a court should then:

> (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motions, and (5) consider the likelihood that the co-defendant's testimony could be impeached.

*Id.*

In this case, Defendant Laurel Blankenship has failed to satisfy all of the elements outlined above, and therefore, has not met her burden under *Parodi*. Defendant has not even attempted to show a need for the testimony of her co-defendant, nor has she offered anything that would suggest what the substance of her co-defendant's testimony would be or how it could exculpate her. Further, Defendant has not attempted to show a reasonable probability that her co-defendant would testify. Indeed, all Defendant proffered in both her motion and at the pretrial motions hearing, is that "[d]epending on how and what evidence is presented, Mrs. Laurel Blankenship *may* have questions of her alleged co-conspirator, Terry Blankenship." (ECF No. 66 at 2, ¶ II(b)) (emphasis

added). The mere possibility of Defendant Laurel Blankenship maybe having questions for her co-defendant is not enough to meet any of the *Parodi* factors. When Defendant Terry Blankenship was asked at the pretrial motions hearing whether he would waive his Fifth Amendment right to testify at Defendant Laurel Blankenship's trial, Defendant Terry Blankenship could not provide an answer one way or the other. Under these facts, Defendant Laurel Blankenship has not shown that severance is necessary to avoid prejudice.

    IV.    **DEFENDANT TERRY BLANKENSHIP'S AMENDED MOTION TO EXCLUDE EVIDENCE AND DEFENDANT LAUREL BLANKENSHIP'S MOTION IN LIMINE**

Lastly, Defendant Terry Blankenship filed an amended motion to exclude evidence of his prior conviction, (ECF No. 64), and Defendant Laurel Blankenship filed a motion in limine regarding irrelevant or overly prejudicial information, (ECF No. 66). Both motions seek to exclude from trial Defendant Terry Blankenship's prior conviction for possession of child pornography. (ECF No. 64; ECF No. 66.) In their response, the United States made clear that they do not intend to introduce evidence of Defendant Terry Blankenship's prior conviction in its case-in-chief. (ECF No. 69.) The United States also does not anticipate using the prior conviction as impeachment evidence, unless, and only possibly if, Defendant Terry Blankenship testifies and opens the door to such impeachment. (*Id.*) If Defendant Terry Blankenship's testimony were to open the door, the United States would then raise the issue for the Court to rule on. (*Id.*) Accordingly, Defendants' motions seeking to exclude evidence of Defendant Terry Blankenship's prior child pornography conviction are moot at this time.

*V. Conclusion*

For the foregoing reasons, Defendant Terry Blankenship's Motion for Bill of Particulars, (ECF No. 63), and Defendant Laurel Blankenship's Motion to Sever Defendant, (ECF No. 66), are **DENIED**. Further, Defendant Terry Blankenship's Amended Motion to Exclude Evidence of Defendant's Prior Conviction, (ECF No. 64), and Defendant Laurel Blankenship's Motion in Limine, (ECF No. 66), are **DENIED AS MOOT WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: December 21, 2023

_____
THOMAS E. JOHNSTON, CHIEF JUDGE